IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

M2M SOLUTIONS LLC,

    Plaintiff,

v.

TELIT COMMUNICATIONS PLC and
TELIT WIRELESS SOLUTIONS INC.,

    Defendants.

Civil Action No. 14-1103-RGA

MEMORANDUM

Richard D. Kirk, Esq., Stephen B. Brauerman, Esq., Vanessa R. Tiradentes, Esq., Sara E. Bussiere, Esq., BAYARD, P.A., Wilmington, DE.

Attorneys for Plaintiff.

Jack B. Blumenfeld, Esq., Rodger D. Smith II, Esq., Morris, Nichols, Arsht & Tunnell LLP, Wilmington, DE.

Attorneys for Defendant Telit Communications PLC.

August 5, 2015

*[signature]*
ANDREWS, U.S. DISTRICT JUDGE:

## I. INTRODUCTION

On August 26, 2014, Plaintiff M2M Solutions LLC ("Plaintiff") filed this patent infringement action against Defendants Telit Communications PLC ("Telit UK") and Telit Wireless Solutions Inc. ("Telit US") to enforce its rights in United States Patent No. 8,648,717 (the "patent-in-suit"), asserting claims of direct infringement in violation of 35 U.S.C. § 271(a), active inducement of infringement in violation of 35 U.S.C. § 271(b), and contributory infringement in violation of 35 U.S.C. § 271(c). (D.I. 1). Presently before the Court is Defendant Telit UK's motion to dismiss all three claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (D.I. 27). The motion has been fully briefed (D.I. 28, 40, 47). For the reasons set forth herein, Telit UK's motion is granted.

## II. BACKGROUND

Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business in Shepherdstown, West Virginia. (D.I. 1 at 1). Defendant Telit US is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Morrisville, North Carolina. (*Id.* at 2). Defendant Telit UK is a corporation formed and existing under the laws of the United Kingdom, having its principal place of business in London. (*Id.* at 1). Telit UK is the ultimate parent company of Telit US. (*Id.* at 1).

Plaintiff is the owner of the patent-in-suit. (D.I. 1 at 3). The '717 patent was issued on February 11, 2014 and is entitled "Programmable Communicator." (*Id.*).

2

Plaintiff alleges in its complaint that "Telit has and continues to directly infringe" the '717 patent-in-suit by "making, using, offering for sale, and/or selling within the United States, and/or importing into the United States" various "M2M module products" that are "designed and promoted for use in M2M communications applications, and that embody and/or practice the inventions of one or more claims of the '717 patent-in-suit." (*Id.* at 4).[1] Plaintiff also alleges that "Telit has actively induced direct infringement" by "designing and introducing into the stream of commerce its M2M module products," by "publishing manuals and promotional literature," by "offering support and technical assistance," all of which induce "its customers" to commit direct infringement of the '717 patent-in-suit. (*Id.* at 5). Plaintiff additionally claims that "Telit" committed contributory infringement "by selling, offering for sale, and/or importing" its products "within or into the United States knowing that [its] products are especially made or especially adapted for use in direct infringement" and that "those products are not ... suitable for substantial noninfringing use." (*Id.* at 5-6). By its present motion, Defendant Telit UK argues that Plaintiff fails to state a claim upon which relief could be granted against Telit UK in all three infringement claims. (D.I. 27).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) stipulates that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's pleading must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible when the factual allegations allow the court to draw the

---

[1] Other than in paragraphs 1-3 of the complaint, Plaintiff refers to the two Defendants as "Telit," as if both Defendants were one entity.

3

reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When considering Rule 12(b)(6) motions, the court "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

## IV. DISCUSSION

### A. Direct Infringement

#### 1. Standard

35 U.S.C. § 271(a) provides for the cause of action for direct infringement, under which "whoever without authority makes, uses, offers to sell, or sells any patented invention ... during the term of the patent therefor, infringes the patent." The Court of Appeals for the Federal Circuit has held that compliance with Form 18 is sufficient to state a claim of direct infringement. *In re Bill of Lading*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (acknowledging that "to the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleading requirements, the Forms control."); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). Requirements for Form 18 are: "(1) an allegation of jurisdiction; (2) a statement that plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by 'making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *McZeal*, 501 F.3d at 1357.

#### 2. Discussion

Defendant Telit UK argues that Plaintiff's claim fails to identify Telit UK's enumerated acts that constitute direct infringement and is merely a verbatim repetition of the language in 35

4

U.S.C. § 271(a). (D.I. 28 at 7) (citing *Mobil Oil Corp. v. Linear Film, Inc.*, 718 F.Supp. 260, 265 (D. Del. 1989).[2] Telit UK also argues that Plaintiff's factual inference is not only unfounded, but also directly contradictory to the uncontroverted evidence that Plaintiff has obtained in another lawsuit between the same parties, making the claim against Telit UK implausible and unable to pass muster under *Iqbal*. (D.I. 47 at 6) (citing *Iqbal*, 556 U.S. at 678).

Plaintiff's allegation of the infringing acts satisfies the pleading standard. When the Forms conflict with *Twombly* and its progeny by creating differing pleading requirements, the Federal Circuit has held that "the Forms control." *In re Bill of Lading*, 681 F.3d at 1334. In the pending case, Plaintiff's claim identifies acts that directly infringe the patent: "making, using, offering for sale, and/or selling within the United States" M2M module products. (D.I. 1 at 4). Consequently, Plaintiff's allegations of infringing acts are sufficient because they comply with Form 18.

Arguing that Plaintiff's factual allegation of infringing acts is directly contrary to the evidence that has been provided to Plaintiff in another case (D.I. 28 at 3),[3] Telit UK uses extrinsic evidence that is not included in Plaintiff's complaint to demonstrate the implausibility of Plaintiff's factual inference. The use of extrinsic evidence is improper. "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits

---

[2] The *Mobil Oil Corp* case did not address Form 18 or Rule 8 pleading standards, but was on a summary judgment motion under Rule 56(c), *see* 718 F.Supp at 263-65, which makes it irrelevant to the pleading stage of the pending case.

[3] "During discovery in the 2012 case, [Telit UK] provided sworn interrogatory responses that it has not ' "made, used, offered for sale or sold within the United States, and/or imported into the United States" any of the products at issue,' which M2M used in a Rule 30(b)(6) deposition." (internal citation omitted) (D.I. 28 at 3).

attached to the complaint and matters of public record."[4] *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). As a result, extrinsic evidence from the 12-033-RGA action cannot be considered at the present stage.

Plaintiff's direct infringement claim does suffer from a pleading defect which Defendant Telit UK does not explicitly raise. Plaintiff's decision to lump two defendants together in addressing its direct infringement claim cannot pass muster under Form 18, which also requires the identification of the accused product, process or method for each defendant. Indeed, Plaintiff's complaint does not identify which particular defendant or defendants are responsible for which allegedly infringing products, process or method. Failing to satisfy Form 18, Plaintiff's direct infringement claim must be dismissed.

In its answering brief (D.I. 40), Plaintiff asserts that it decided to group Telit UK and Telit US under an umbrella term "Telit" because "[t]here is little distinction between [Telit UK] and [Telit US]" based on Telit UK's public representations suggesting its actual control over Telit US in its machine-to-machine communication business. (D.I. 40 at 2-4). For the same reason, Plaintiff alleges that even if Telit UK insists that Telit US is the relevant entity responsible for the products shipped to the United States, Plaintiff is "seeking to hold [Telit UK] liable for [Telit US]'s sales" due to Telit UK's total control over Telit US. (D.I. 40 at 10).

Plaintiff's claim that a foreign parent is responsible for the alleged infringement by its domestic subsidiary must also satisfy the pleading standard of Rule 8(a). *See Novo Nordisk v.*

---

[4] One exception is that a "document integral to or explicitly relied upon in the complaint" could be considered "without converting the motion to dismiss into one for summary judgment." 770 F.3d at 249 (citation omitted). Since Plaintiff did not base its complaint on discovery from the 12-033-RGA action, evidence from that case should not be used in deciding a motion to dismiss, even though the parties agreed to use the discovery taken in the 2012 case in this case. (D.I. 47 at 6).

6

*Caraco Pharmaceutical Laboratories*, 450 F.Supp.2d 757, 761 (E.D. Mich. 2006). As that court held, to state a claim "based on an alleged parent-subsidiary relationship, a plaintiff would have to allege: (1) the existence of a parent-subsidiary relationship, and (2) facts that justify piercing the corporate veil." *See id.* (citation omitted). "[T]he existence of an agency relationship between the entities where the parent effectively controls the conduct of the subsidiary" could satisfy the second condition. *Id.*

In its complaint, Plaintiff alleges the existence of a parent-subsidiary relationship. (D.I. 1 at 1-2). However, nowhere in its complaint does Plaintiff present facts that demonstrate the parent's effective control over the subsidiary. All the facts alleged to support Plaintiff's assertion that Telit UK controls Telit US's conduct are contained in Plaintiff's answering brief in opposition to Telit UK's motion to dismiss (D.I. 40 at 2-4) and its attached exhibits (D.I. 41). As the Third Circuit has stated, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo. Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted). As a result, the factual allegations of Telit UK's control over Telit US are not included in the complaint and are not entitled to consideration in the pleading stage. *See Telecomm Innovations, LLC v. Ricoh Company, Ltd.*, 966 F.Supp.2d 390, 393 (D. Del. 2013) (holding that "a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference"). Thus, the direct infringement claim will be dismissed.

## B. Indirect infringement claims

### 1. Inducement standard

7

Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer." In order to plead induced infringement, the patentee "must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts "plausibly showing that [the alleged infringer] specifically intended [a third party] to infringe [the patent-in-suit] and knew that the [third party's] acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339.

### a. Knowledge that direct infringer's acts constituted infringement

Plaintiff sufficiently alleges Telit UK's knowledge of the existence of the patent-in-suit. (D.I. 1 at 4, ¶ 10). Defendant Telit UK claims, nevertheless, that Plaintiff fails to state an induced infringement claim because it lacks any plausible facts to demonstrate Telit UK's knowledge that the alleged third party's acts constitute direct infringement. (D.I. 28 at 7-8). Plaintiff asserts in its complaint that "[u]pon information and belief, Telit has performed the acts that constitute inducement of infringement with the knowledge or willful blindness that the acts induced thereby would constitute direct infringement by its customers." (D.I. 1 at 5). This assertion based on no factual allegations cannot pass muster under the plausibility standards. *Iqbal*, 556 U.S. at 687; *see also Bascom Research LLC v. Facebook, Inc.*, 2013 WL 968210, at *4 (N.D. Cal. 2013) (holding that "conclusory allegations regarding knowledge are insufficient" in induced claims). Consequently, Plaintiff insufficiently pleads the requisite knowledge element of the induced infringement claim.

### b. Specific intent to infringe

8

In addition to the knowledge of a third party's direct infringement, Plaintiff also has to demonstrate specific intent to infringe. The Supreme Court has held that "[e]vidence of 'active steps ... taken to encourage direct infringement,' such as advertising an infringing use or instructing how to engage in an infringing use, shows an affirmative intent that the product be used to infringe." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005). This Court has also held that "[a]llegations of the marketing activities of the Defendants do not, on their own, demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F.Supp.2d 225, 234 (D. Del. 2012); *see also Neology Inc. v. Kapsch Trafficcom IVHS, Inc.*, 2014 WL 467316 at *6 (D. Del. 2014) (recognizing that "assertions that a defendant provided unspecified 'training and instructions to its customers concerning the use of the Accused Products' are not specific enough ... and simply begs the question: 'Provided 'training and instructions' as to what?'").

In the pending case, Telit UK argues that Plaintiff's general allegations of Defendants "publishing manuals and promotional literature" and "offering support and technical assistance" similarly fail to show an affirmative intent to induce infringement. (D.I. 28 at 11). The Court disagrees. Plaintiff at bar alleges: "Telit has actively induced direct infringement by, *inter alia*, ... publishing manuals and promotional literature describing and instructing the configuration and operation of those products in an infringing manner by its customers, and by offering support and technical assistance to its customers that encourage use of those products in ways that directly infringe one or more claims of the [patent in suit]." (D.I. 1 at 5). In short, Plaintiff alleges that Defendants provided instructions to their customers on use of those products in a manner that would directly infringe the patent. This allegation is sufficient to plead Defendants'

9

specific intent. *See Telecomm Innovations, LLC v. RICOH Company, Ltd.*, 966 F.Supp.2d 390, 395 (D. Del. 2013) (denying a motion to dismiss, since the complaint alleged that the defendant induced infringement by "providing those customers and others with technical support and services, as well as detailed explanations, instructions and information as to arrangements, applications and uses of the [a]ccused [i]nstrumentalities that promote and demonstrate how to use the [a]ccused [i]nstrumentalities in a manner that would infringe the [patent]").

Even if the specific intent requirement were satisfied by alleging acts that induce direct infringement, the complaint suffers from yet another defect: fusing the two Defendants as one is also problematic for Plaintiff's indirect infringement claims against Telit UK. With regard to inducement claims, this Court has held that "[w]hen articulating certain of its inducement allegations," the plaintiff has to identify "which particular Defendant or Defendants are said to have disseminated the training or instructional materials at issue." *Neology*, 2014 WL 467316 at *7 (explaining that "treating these Defendants as one big group for purpose of articulating how each has encouraged the induced infringement at issue says nothing plausible as to what any particular one of them might have done"). Referring to both Defendants under one single term, Plaintiff has not pled a plausible inducement claim against Telit UK as a result.

### C. Contributory Infringement Claim

To state a contributory infringement claim under 35 U.S.C. § 271(c), a plaintiff has to allege that a defendant "offers to sell or sells within the United States or imports into the United States a component of a patented machine ...." Telit UK argues that Plaintiff has not plausibly alleged Telit UK as a contributory infringer because Plaintiff offers no evidence to demonstrate that Telit UK offers to sell, sells or imports any products or components in or to the United

10

States. (D.I. 28 at 12). Plaintiff, once again, bases its contributory infringement claim against Telit US and Telit UK under the umbrella term "Telit" on Telit UK's "public representation that, *inter alia*, Telit UK operates as a single global company with offices and facilities under its direction and control in the United States." (D.I. 40 at 12). Plaintiff's argument is similar to its reasoning behind lumping Telit US and Telit UK together in the direct and induced infringement claims. The contributory claim thus also is insufficiently stated and must be dismissed.[5]

## V. Conclusion

For the aforementioned reasons, Defendant Telit UK's motion to dismiss for failure to state a claim (D.I. 27) is granted without prejudice. A separate order, consistent with this Memorandum Opinion, will be entered.

---

[5] The contributory infringement claim is also factually too conclusory to state a claim. (*See* D.I. 1 at 5, ¶15).